**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LORA J. RUSHFORD-SPINK,**

    **Plaintiff,**      **1:08-cv-827**
                **(GLS\VEB)**
    **v.**

**MICHAEL J. ASTRUE,** Commissioner
of Social Security,

    **Defendant.**
_____

**APPEARANCES:**      **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Office of Peter M. Margolius   PETER M. MARGOLIUS, ESQ.
7 Howard Street
Catskill, NY 12414

**FOR THE DEFENDANT:**
HON. RICHARD S. HARTUNIAN  SIXTINA FERNANDEZ
United States Attorney     Special Assistant U.S. Attorney
100 South Clinton Street
Syracuse, NY 13261

MARY ANN SLOAN
Acting Regional Chief Counsel
Social Security Administration
Office of General Counsel, Region II
26 Federal Plaza, Room 3904
New York, NY 10278

**Gary L. Sharpe**
**District Court Judge**

## **MEMORANDUM-DECISION AND ORDER**
### **I. Introduction**

Plaintiff Lora Rushford-Spink challenges the Commissioner of Social Security's denial of Supplemental Security Income (SSI), under 42 U.S.C. §§ 405(g) and 1383(c)(3). (*See* Compl., Dkt. No. 1.) In a Report and Recommendation Order (R&R) filed September 30, 2009, Magistrate Judge Victor E. Bianchini recommended that the Commissioner be granted judgment on the pleadings and that Rushford-Spink's complaint be dismissed.[1] (Dkt. No. 13.) Pending are Rushford-Spink's objections to the R&R. (Dkt. No. 14.) Upon careful consideration of the arguments, the relevant parts of the record, and the applicable law, the court adopts the R&R in its entirety.

### **II. Background**[2]

On February 25, 2005, Rushford-Spink filed an application for SSI under the Social Security Act (SSA). (*See* Def. Br. at 1, Dkt. No. 10.) After her application was denied, Rushford-Spink requested a hearing before an Administrative Law Judge (ALJ), which was held on June 7, 2007. (*See* Pl.

---

[1] The Clerk is directed to append the R&R to this decision, and familiarity therewith is presumed. (*See* Dkt. No. 13.)

[2] The court incorporates the factual recitations of the parties and Judge Bianchini. (*See* Dkt. Nos. 9, 10, 13; *see also* Admin. Tr., Dkt. No. 7.)

2

Br. ¶ 7, Dkt. No. 9.) On September 27, 2007, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final decision upon the Social Security Administration Appeals Council's denial of review. (*See* R&R at 2, Dkt. No. 13.)

Rushford-Spink commenced the present action by filing a complaint on July 30, 2008, seeking judicial review of the Commissioner's determination. (*See* Dkt. No. 1.) After receiving the parties' briefs, Judge Bianchini issued an R&R recommending dismissal of Rushford-Spink's complaint. (*See generally* R&R, Dkt. No. 13.) In response, Rushford-Spink filed objections to Judge Bianchini's R&R. (*See* Dkt. No. 14.)

### III. Standard of Review

By statute and rule, district courts are authorized to refer social security petitions to magistrate judges for proposed findings and recommendations regarding disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18.

When a report and recommendation order is filed, the parties have ten days from receipt of the report to file specific, written objections to proposed findings and recommendations, and ten days from the receipt of adversary objections to file responses. *See* 28 U.S.C. § 636(b)(1)(C); FED.

3

R. CIV. P. 72(b); N.D.N.Y. L.R. 72.1(c).  Under Local Rule 72.1(c), objections must specify the findings and recommendations that are the subject of the objections, and the substantive basis for these objections.  The district court reviews de novo those portions of the magistrate judge's findings and recommendations that have been preserved through compliance with the specificity requirement.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); N.D.N.Y. L.R. 72.1(c).  "De novo review requires that the court give fresh consideration to those issues to which specific objections have been made.  It will examine the entire record, and make an independent assessment of the magistrate judge's factual and legal conclusions."  *Almonte v. N.Y. State Div. of Parole*, No. 04-cv-484, 2006 WL 149049, at *5 (N.D.N.Y. Jan. 18, 2006) (citation, internal quotation marks, and italics omitted).

   A party who fails to object or fails to object in a timely manner procedurally defaults and is not entitled to judicial review.  *See id.* at *3.  Lack of specificity also gives rise to default.  *See id.* at *4.  The local rules require that objections address specific findings and conclusions.  *See id.*  Therefore, a party that limits its specific objections to a part of a report's findings or recommendations procedurally defaults as to the remainder.

4

*See id.* Frivolous or conclusory objections also fail to satisfy the specificity requirement. *See id.* Furthermore, mere resubmission of the same papers and arguments as submitted to the magistrate judge fails to comply with the specificity requirement and results in default. *See id.* Lastly, the court ordinarily refuses to consider arguments, case law, or evidentiary material which a party was able but failed to present to the magistrate judge in the first instance. *See Patterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

While a procedural default dissolves a party's right to judicial review, courts may nevertheless elect to conduct such a review. *See Almonte*, 2006 WL 149049, at *5. This court has consistently done so under "a 'clearly erroneous' standard, and defines that phrase as follows: a report is clearly erroneous if the court determines that there is a mistake of fact or law which is obvious and affects substantial rights." *Id.* at *6.

### IV. Objections

Rushford-Spink raises two specific objections to the R&R, which the court will review de novo. The remainder of the R&R will be reviewed for clear error.

### A. Mental Impairment and Functional Limitations

5

First, Rushford-Spink objects to Judge Bianchini's ratification of the ALJ's finding that Rushford-Spink's mental impairment did not meet or medically equal any of the impairments listed in § 12.04 of the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (*See* Pl. Objections at 1-4, Dkt. No. 14.)  This objection is without merit.

Pursuant to the regulations, upon determining that Rushford-Spink had a medically determinable mental impairment, the ALJ rated the degree of functional limitation caused by the limitation under four broad functional areas and found that Rushford-Spink did not have marked limitations in any of the areas.  *See* 20 C.F.R. § 404.1520a(b)-(c); *see also Kohler v. Astrue*, 546 F.3d 260, 265-66 (2d Cir. 2008).  In the first area, "activities of daily living," the ALJ found no restrictions.  (Tr.[3] at 17.)  Rushford-Spink does not object to Judge Bianchini's conclusion that this finding was supported by substantial evidence.  As to the second area, "social functioning," Rushford-Spink disagrees with Judge Bianchini's approval of the ALJ's finding that Rushford-Spink has no difficulties in maintaining social functioning.  However, in addition to Judge Bianchini's accurate characterization of the regulations governing medical and non-medical

---

[3]"Tr." refers to the page of the Administrative Transcript in this case.  (*See* Dkt. No. 7.)

opinions, the evidence in the record supports the finding that Rushford-Spink does not have a marked limitation in social functioning.  With regards to the third area, "concentration, persistence, or pace," Rushford-Spink is unable to point to any record evidence that would support a finding of marked limitations.  As outlined in the R&R, the medical and non-medical opinions of record consistently suggest that Rushford-Spink's ability to maintain concentration, persistence, and pace is only mildly limited.  Lastly, as to the fourth area, the record is devoid of any medically documented episodes of decompensation, which Rushford-Spink does not refute.

Accordingly, upon de novo review, the court adopts Judge Bianchini's conclusion that substantial evidence supported the ALJ's determination that Rushford-Spink's mental impairment does not meet or medically equal an enumerated impairment.

**B.    Residual Functional Capacity**

Second, Rushford-Spink objects to Judge Bianchini's finding that the ALJ's residual functional capacity (RFC) determination was supported by substantial evidence.  (*See* Pl. Objections at 4-5, Dkt. No. 14.)  This objection is also without merit.

In accordance with the regulations, the ALJ assessed Rushford-

Spink's maximum ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis, in light of her physical and mental abilities, symptoms, pain, and other potentially interfering limitations.  *See* 20 C.F.R. § 404.1545; *see also* SSR 96-8p, 1996 WL 3714184, at *2 (S.S.A. July 2, 1996); *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999); *Verginio v. Apfel*, No. 97-CV-456, 1998 WL 743706, at *3 (N.D.N.Y. Oct. 23, 1998).  In evaluating Rushford-Spink's functional limitations, the ALJ properly undertook a function-by-function analysis.  *See* SSR 96-8p, 1996 WL 374184, at *1, 3; *see also* 20 C.F.R. §§ 404.1545(b)-(d), 416.945(b)-(d).  And equally important, the ALJ evaluated the severity of Rushford-Spink's pain and symptoms based on the objective medical evidence and based on other relevant factors, including daily activities, medication, and other treatment and therapy—as required by the regulations.  *See* 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3); *see also* SSR 96-7p, 1996 WL 374186, at *4-5.  After conducting these inquiries and assessments, the ALJ assigned Rushford-Spink's RFC to the sedentary work level.

Upon review of the record and Judge Bianchini's corresponding summary, the court is satisfied that the ALJ's RFC determination was

supported by substantial evidence under the appropriate legal standards. The record evidence supports a finding that based on her functional abilities and limitations, Rushford-Spink can perform unskilled, sedentary work. *See* 20 C.F.R. § 404.1567(a), 416.967(a); *see also* SSR 96-9p, 1996 WL 374185, at *5 (S.S.A. July 2, 1996); *Verginio*, 1998 WL 743706, at *3. Accordingly, Judge Bianchini's recommendations regarding Rushford-Spink's RFC are adopted.

## V. Conclusion

Having addressed Rushford-Spink's specific objections de novo, and otherwise finding no clear error in the R&R, the court accepts and adopts Judge Bianchini's R&R in its entirety.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Rushford-Spink's complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 25, 2010
Albany, New York

_Gary L. Sharpe_
United States District Court Judge